887 F.2d 1095
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
FETTER, Appellant,
v.
TSCHUNT, Appellee,
v.
TSCHUNT, Appellee.
 No. 89-1411.
 United States Court of Appeals, Federal Circuit.
 Sept. 29, 1989.
 
 Before BISSELL, Circuit Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 BISSELL, Circuit Judge.
 
 
 1
 Richard W. Fetter appeals from the decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (Board) awarding priority of Count 5 to Edgar Tschunt in Interference No. 101,228. We vacate and remand for further proceedings.
 
 OPINION
 
 2
 In a prior appeal in this same proceeding, this court vacated the Board's decision and remanded the case for the Board to determine whether Count 6, which had been substituted for Count 5, was patentably distinct from Counts 1-4. Fetter v. Tschunt, No. 88-1132 (Fed.Cir. May 20, 1988). On remand, the Board determined that because Count 6 was not patentably distinct from Counts 1-4, no basis existed to substitute Count 6 for Count 5. The Board then redeclared an interference with Count 5 and awarded Count 5 the priority date of the cancelled Count 6.
 
 
 3
 The sole difference between the counts is that Count 5 recites "equal" and Count 6 recites "substantially equal." The Board maintained that "substantially" must always be implied in a claim, even when not introduced, and adds nothing when it is. Thus the Board determined that the scope of the claims corresponding to Counts 5 and 6 was the same and awarded priority of Count 5 to Tschunt based on the disclosure in the priority document supporting Count 6.
 
 
 4
 The proposition that the Board relied upon does not apply in the instant case. Consequently, the Board's determination that Tschunt's disclosure supporting Count 6 also sufficiently supports Count 5 is in error and the Board's priority award of Count 5 to Tschunt is vacated. On remand the Board should determine whether Count 5 is otherwise supported by the disclosure in Tschunt's Count 6 priority document. If Tschunt's Count 6 priority document is found not to support Count 5, the Board is to determine the priority date for Count 5 without reference to the Count 6 priority document.